**United States Department of Justice**

*William J. Powell*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

June 17, 2020

FILED
JUL 09 2020
U.S. DISTRICT COURT
ELKINS WV 26241

Scott Curnutte, Esq.
P.O. Box 1605
Elkins, WV 26241
curnutte@justice.com

RE: U.S. v. Thomas Cooper
Case No.  2:20 CR 15

Dear Mr. Curnutte:

    Your client, Thomas Cooper, signed this plea agreement on the due date of June 15, 2020; but when the offer was made, Cooper's attorney was Phil Isner. Here is an amended version of the same plea offer with your name as counsel. Let's give the court this corrected version at the change of plea hearing.

    All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended. It is agreed between the United States and your client as follows:

    1.    The defendant will waive his right to have this case presented to a grand jury, and plead guilty to a two-count information charging *Attempt to Defraud the Residents of West Virginia of a Fair Election*, in violation of 52 U.S.C. § 20511(2)(B), and *Injury to the Mail*, in violation of 18 U.S.C. § 1705. The information reads:

_____     6-23-2020
Thomas Cooper                 Date
Defendant

_____     6/23/2020
Scott Curnutte, Esq.          Date
Defendant's Counsel

- 1 -

## COUNT ONE
(Attempt to Defraud the Residents of West Virginia of a Fair Election)

In April 2020, in Pendleton County, in the Northern District of West Virginia, defendant **THOMAS COOPER**, in an election held in part for federal office, did knowingly and willfully attempt to deprive and defraud the residents of West Virginia of a fair election process, that is, the West Virginia 2020 primary election, by the procurement of mail-in absentee ballots that were known by defendant **THOMAS COOPER** to be materially false, fictitious and fraudulent under West Virginia law, that is West Virginia Code Section 3-3-1 et seq.; in violation of Title 52, United States Code, Section 20511(2)(B).

## COUNT TWO
(Injury to the Mail)

On or about April 9, 2020, in Pendleton County, in the Northern District of West Virginia, defendant THOMAS COOPER did willfully and maliciously did injure, deface and destroy mail, that is, a 2020 Primary Election COVID-19 Mail-In Absentee Request, which had been deposited by P. R., a person known by the grand jury, in an authorized receptacle located at the Onega Post Office, which was intended and used for the receipt and delivery of mail matter on a mail route of the United States Postal Service; in violation of Title 18, United States Code, Section 1705.

2. The defendant's guilty plea to count one will expose him to a maximum penalty of 5 years of imprisonment, a $250,000.00 fine, and up to 3 years of supervised release. His guilty plea to count two will expose him to a maximum penalty of 3 years of imprisonment, a $250,000.00 fine, and up to 3 years of supervised release.

3. There have been no representations whatsoever by any officer of the United States or other law enforcement agency, or by the defendant's counsel, as to what the defendant's sentence will be. However, the United States will make the following nonbinding sentencing recommendations pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The court is not bound by these recommendations; and the defendant has no right to withdraw any guilty plea if the court does not follow them; to wit:

    A. The United States will recommend a two-level reduction for "acceptance of responsibility" pursuant to Guideline § 3E1.1(a), and an additional one level reduction pursuant to Guideline § 3E1.1(b) if applicable.

_____       6-23-2020
Thomas Cooper       Date
Defendant

_____       6/23/2020
Scott Curnutte, Esq.       Date
Defendant's Counsel

   B. The United States will recommend a sentence within the Guideline range.

4. The parties stipulate that in April 2020 the defendant held a contract with the U.S. Postal Service to deliver mail in Pendleton County. From mail in which he was entrusted, he used a black Bic pen to alter eight 2020 primary election *mail-in absentee ballot requests* that eight registered voters had placed in the U.S. Mail for delivery to the Pendleton County Clerk. On five *requests*, the defendant changed the voter's request from a democrat ballot to a republican ballot. Thereafter, the defendant placed the *requests* back in the mail for delivery to the Clerk.

  5. The parties agree to the following waivers of post-conviction rights:

  A. The defendant knowingly waives all rights pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision to appeal his conviction on any ground whatsoever. This includes a waiver of all rights to appeal the defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

  B. The defendant knowingly waives all rights pursuant to 18 U.S.C. § 3742 to appeal his sentence (including any fine, term or condition of supervised release, or restitution order) for any reason (including the establishment of the Guidelines, the defendant's criminal history determination, the weighing of the sentencing factors, and any constitutional challenge to the calculation and imposition of any term of imprisonment, fine, forfeiture or restitution order, and condition of supervised release).

  C. The defendant knowingly waives all rights to "collaterally" challenge his conviction or sentence in any post-conviction, or "habeas", proceeding brought under 28 U.S.C. § 2255 or any other statute or constitutional provision.

  D. The United States waives its right to appeal the sentence if it is within the Guidelines.

  E. Notwithstanding the above waivers, if there is an appeal or post-conviction collateral challenge, both parties retain the right to argue in support of the sentence.

  F. Notwithstanding the above waivers, the defendant is not barred from raising a post-conviction claim of ineffective assistance of counsel or prosecutorial misconduct. However, the defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

_____
Thomas Cooper
Defendant

_____
Scott Curnutte, Esq.
Defendant's Counsel

6-23-2020
Date

6/23/2020
Date

G. The defendant's post-conviction waivers are not intended to represent the defendant's opinion of what the appropriate sentence should be; and the defendant retains the right to argue for a sentence below the Guidelines.

6. The United States reserves the right to provide to the court and the United States Probation Office in connection with any presentence investigation pursuant to Federal Rule of Criminal Procedure 32(c), or in connection with the imposition of sentence absent a presentence investigation pursuant to Rule 32(c)(1), relevant information, including information regarding the defendant's background, criminal record, the offense charged in the Information and other pertinent data appearing at Rule 32(c)(2), as will enable the court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report, and to respond to any written or oral statements made by the court, by the defendant, or the defendant's counsel.

7. The defendant agrees that all monetary penalties imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. The defendant agrees to provide all requested financial information to the United States and the United States Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the United States. The defendant authorizes the United States Attorney's Office Financial Litigation Unit to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess the defendant's financial condition for sentencing purposes. The defendant agrees to complete a financial statement under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the United States. The defendant further agrees that any schedule of payments imposed by the court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the court does not specifically direct participation. The defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

8. In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any employment, to be withheld from the defendant's wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act (28 U.S.C. § 3205). The defendant waives any applicable exceptions under the Consumer Credit Protection Act (15 U.S.C. § 1673).

_____  6-23-2020
Thomas Cooper                    Date
Defendant

_____  6/22/2020
Scott Curnutte, Esq.             Date
Defendant's Counsel

-4-

9.  The Guidelines are now advisory and no longer mandatory. The defendant understands that the sentencing court may impose a sentence below or above the Guidelines, so long as that sentence is reasonable and within the statutory maximum specified in the offense of conviction.

10. If the defendant's plea is not accepted by the court or later set aside, or if, in the opinion of the United States, the defendant breaches any part of this agreement or obstructs justice (as defined in Guideline § 3C1.1), then the United States will not be bound to make any sentencing recommendations and/or to void this agreement; and the defendant will not have the right to withdraw the defendant's guilty plea(s).

11. The above paragraphs constitute the entire agreement between the defendant and the United States in this matter. There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.

Sincerely,

WILLIAM J. POWELL
United States Attorney

By:   Stephen Warner
      Assistant United States Attorney

As evidenced by my signature at the bottom of every page of this letter agreement, I have read and understand the provisions of each paragraph herein and hereby fully approve of each provision.

_____     6-23-2020
Thomas Cooper                       Date
Defendant

_____     6/23/2020
Scott Curnutte, Esq.                Date
Defendant's Counsel

- 5 -